**NOT FOR PUBLICATION**

```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| CHRISTOPHER WALSH, JR., : | |
| : | Civil Action No. 03-4320 (SRC) |
| Petitioner, : | |
| : | |
| v. : | |
| : | **OPINION** |
| TERRY MOORE, et al., : | |
| : | |
| Respondents. : | |

**APPEARANCES:**

    CHRISTOPHER WALSH, JR., Petitioner Pro Se
    #283710
    East Jersey State Prison
    Lock Bag R
    Rahway, New Jersey 07065

    ANDREW M. SALMON, ESQ.
    Office of the Mercer County Prosecutor
    Mercer County Courthouse
    P.O. Box 8068
    Trenton, New Jersey 08650
    Attorneys for Respondents

**CHESLER, District Judge**

This matter is before the Court by application of petitioner, Christopher Walsh, Jr., for habeas corpus relief under 28 U.S.C. § 2254. For the reasons stated below, the petition for habeas relief will be denied for failure to make a substantial showing of a federal statutory or constitutional deprivation.

I.   BACKGROUND

Petitioner, Christopher Walsh, Jr. ("Walsh"), is presently confined at the East Jersey State Prison in Rahway, New Jersey, serving a life sentence with a 30-year period of parole ineligibility.

Walsh was indicted with co-defendant Dale A. Yothers on two counts of purposeful or knowing murder, two counts of felony murder, six counts of first degree robbery, and two counts of theft by unlawful taking.  Walsh pled guilty to the two counts of felony murder pursuant to a plea agreement.  On August 2, 1996, the trial court sentenced Walsh to concurrent terms of life imprisonment with a thirty year parole disqualifier.  Walsh appealed his sentence to the Appellate Division, claiming that the sentence was excessive.  An oral hearing was held on March 5, 1997, and the Appellate Division affirmed the sentence by Order entered on March 6, 1997.  It does not appear that Walsh filed a petition for certification to the New Jersey Supreme Court.

Thereafter, Walsh filed a petition for post-conviction relief ("PCR") in state court.  An evidentiary hearing was conducted on April 17 and 23, 2001 before the Honorable B. Thomas Leahy, J.S.C.  The court denied the PCR petition by Order dated April 23, 2001.  Walsh appealed and the Appellate Division affirmed the trial court's denial of the PCR petition on February

25, 2003.  Again, it does not appear that Walsh filed a petition for certification to the New Jersey Supreme Court.

Walsh then filed this federal habeas petition on or about September 15, 2003.  In October 2003, this Court issued an Order to Show Cause directing the petitioner to show cause in writing why the petition should not be dismissed as time-barred.  Walsh responded on November 21, 2003.  On December 16, 2003, the Court, satisfied that there was no time bar under 28 U.S.C. § 2244(d), issued an Order directing the respondents to answer the petition. On January 30, 2004, respondents filed a letter response to the petition, without the benefit of the state court record, asserting that the petition should be dismissed for failure to exhaust state court remedies.  On July 22, 2004, the Court issued an Order to Show Cause directing the petitioner to show cause in writing why the petition should not be dismissed as unexhausted. Walsh responded to the Court on September 7, 2004, and on September 9, 2004, the Court issued an Order directing the respondents to answer the petition on the merits.  After an extension of time was granted, on January 12, 2005, the respondents answered the petition on the merits, providing the relevant state court record.

## II.   CLAIMS FOR HABEAS RELIEF

Walsh raises the following two claims in his federal habeas petition:[1] (1) Petitioner was denied his constitutional right to effective assistance of appellate counsel when counsel failed to challenge on direct appeal the State's use of Richard James as an agent to wear a monitoring device and interrogate petitioner, without giving petitioner his Miranda warnings; and (2) Petitioner was denied his constitutional right to effective assistance of trial counsel before and during the plea process.

## III.   STANDARD GOVERNING REVIEW OF § 2254 CLAIMS

The Court recognizes that a pro se pleading is held to less stringent standards than more formal pleadings drafted by attorneys.  Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972).  Thus, a pro se habeas petition should be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Duarte v.

---

[1] The Court is satisfied from review of the state court record that all of the claims asserted by petitioner here were presented on state court review.  However, to the extent any of the claims were not exhausted in state court, this Court may opt to review such claims, and deny them on the merits pursuant to 28 U.S.C. § 2254(b)(2).  Section 2254(b)(2) provides that "[a]n application for writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."  See also Lambert v. Blackwell, 134 F.3d 506, 514-15 (3d Cir. 1997), cert. denied, 532 U.S. 919 (2001)(a district court may deny a petition on the merits, pursuant to 28 U.S.C. § 2254(b)(2), where "it is perfectly clear that an applicant does not raise even a colorable federal claim").

4

Hurley, 43 F. Supp.2d 504, 507 (D.N.J. 1999).  Because Walsh is a pro se litigant, the Court will accord his petition the liberal construction intended for pro se petitioners.

Under § 2254, as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), federal courts in habeas matters must give considerable deference to determinations of the state trial and appellate courts.  See 28 U.S.C. § 2254(e); Duncan v. Morton, 256 F.3d 189, 196 (3d Cir.), cert. denied, 122 S.Ct. 269 (2001); Dickerson v. Vaughn, 90 F.3d 87, 90 (3d Cir. 1996)(*citing* Parke v. Raley, 506 U.S. 20, 36 (1992)).  Section 2254(d) sets the standard for granting or denying a habeas writ:

> (d)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -
>
> > (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

In Williams v. Taylor, 529 U.S. 362 (2000), the Supreme Court explained that subsection (d)(1) involves two clauses or conditions, one of which must be satisfied before a writ may issue.  The first clause, or condition, is referred to as the

5

"contrary to" clause. The second condition is the "unreasonable application" clause. Williams, 529 U.S. at 412-13. In the "contrary to" clause, "a federal court may grant the writ if the state arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Id. Under the "unreasonable application" clause, a federal court may grant the writ if "the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of [the petitioner's] case." Id. at 413. Habeas relief may not be granted under the "unreasonable application" condition unless a state court's application of clearly established federal law was objectively unreasonable; an incorrect application of federal law alone is not sufficient to warrant habeas relief. Id. at 411. See also Werts v. Vaughn, 228 F.3d 178, 197 (3d Cir. 2000), cert. denied, 532 U.S. 980 (2001); Matteo v. Superintendent, SCI Albion, 171 F.3d 877, 891 (3d Cir. 1999), cert. denied sub nom Matteo v. Brennan, 528 U.S. 824 (1999).

Consonant with Williams, the Third Circuit has held that § 2254(d)(1) requires a federal habeas court to make a two step inquiry of the petitioner's claims. First, the court must examine the claims under the "contrary to" provision, identify

6

the applicable Supreme Court precedent and determine whether it resolves petitioner's claims.  See Werts, 228 F.3d at 196-97; Matteo, 171 F.3d at 888-891.  If the federal court determines that the state court's decision was not "contrary to" applicable Supreme Court precedent, then the court takes the second step of the analysis under § 2254(d)(1), which is whether the state court unreasonably applied the Supreme Court precedent in reaching its decision.  Werts, 228 F.3d at 197.

This second step requires more than a disagreement with the state court's ruling because the Supreme Court would have reached a different result.  Id.  AEDPA prohibits such *de novo* review.  Rather, the federal habeas court must determine whether the state court's application of the Supreme Court precedent was objectively unreasonable.  Id.  In short, the federal court must decide whether the state court's application of federal law, when evaluated objectively and on the merits, resulted in an outcome that cannot reasonably be justified under existing Supreme Court precedent.  Id.; see also Jacobs v. Horn, 395 F.3d 92, 100 (3d Cir. 2005).

Finally, federal courts are required to apply a "presumption of correctness to factual determinations made by the state court."  Id.; see also 28 U.S.C. § 2254(e)(1).  The Third Circuit has ruled that this presumption of correctness based upon state court factual findings can only be overcome by clear and

7

convincing evidence.  See Duncan, 256 F.3d at 196 (*citing* 28 U.S.C. § 2254(e)(1)).  Consequently, a habeas petitioner "must clear a high hurdle before a federal court will set aside any of the state court's factual findings."  Mastracchio v. Vose, 274 F.3d 590, 597-98 (1st Cir. 2001).

## IV.  ANALYSIS

A.  Failure of Counsel to Challenge Statements Given to an Informant without Miranda Warnings

Walsh asserts that his appellate counsel should have challenged on direct appeal the ruling by the trial court in a pretrial Miranda[2] hearing, which allowed the State to admit a taped conversation taken by a "wired" informant, Richard James.  Testimony given by the police officers and James during the Miranda hearings showed that James had willingly agreed to wear a "wire" and engage Walsh in conversation to get Walsh to incriminate himself.  Walsh contends that because James was acting as an agent of the police in interrogating Walsh, Walsh should have been given Miranda warnings.  Consequently, he argues that the taped conversation should have been deemed inadmissible, and his counsel was ineffective for failing to raise this argument on appeal.

The Court finds this claim to be completely meritless because there was no Miranda violation.  In Miranda v. Arizona,

---

[2]  Miranda v. Arizona, 384 U.S. 436 (1966).

8

the Supreme Court held that in order to protect an accused's Fifth Amendment right against self-incrimination during the inherently coercive custodial interrogation setting, certain procedural safeguards must be employed.  These safeguards include the explicit warning that the accused "has the right to remain silent, that anything he says can be used against him in a court of law, that he has the right to the presence of an attorney, and that if he cannot afford an attorney, one will be appointed for him prior to any questioning if he so desires."  Miranda, 384 U.S. at 479.  Here, there was no custodial interrogation of petitioner that would implicate Walsh's Fifth Amendment right against self incrimination under Miranda.

At the pretrial Miranda hearing, the testimony confirmed that James had gone to the police on his own and voluntarily wore a wire to clear his name.  The testimony also showed that James was a friend of Walsh's, not an agent of the police, and no promises or threats were made by the police to induce James to wear the wire.  Further, Walsh was not in custody at the time his statements were recorded by James.  Thus, the record shows that a willing and unpaid informant, who had been a friend of Walsh, had agreed to wear a "wire" to tape a conversation with Walsh in a casual, consensual, and non-custodial setting.  In addition, the police had obtained the appropriate authorization from the Mercer County Prosecutor's Office for a taped consensual interception.

Based on this testimony at the <u>Miranda</u> hearings, the trial court determined that Walsh's statements were properly obtained and could be admitted at trial.

Moreover, on appeal from denial of Walsh's PCR petition, the Appellate Division considered Walsh's ineffective assistance of appellate counsel claim on this issue and found Walsh's argument to be without merit.  The court stated that petitioner's arguments "do not warrant any additional discussion beyond what is set forth in the trial court's oral opinion."  (Appellate Division Opinion, decided February 25, 2003, at pg. 3).

Likewise, this Court concludes that Walsh's claim of ineffective assistance of appellate counsel is without merit.  Under <u>Strickland v. Washington</u>, 466 U.S. 668 (1984), a petitioner seeking to prove a Sixth Amendment violation must demonstrate that his counsel's performance fell below an objective standard of reasonableness, assessing the facts of the case at the time of counsel's conduct.  <u>Id</u>. at 688-89; <u>Jacobs v. Horn</u>, 395 F.3d 92, 102(3d Cir. 2005); <u>Keller v. Larkins</u>, 251 F.3d 408, 418 (3d Cir.), <u>cert</u>. <u>denied</u>, 534 U.S. 973 (2001).  Counsel's errors must have been "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."  <u>Strickland</u>, 466 U.S. at 688.  "In any case presenting an ineffectiveness claim, the performance inquiry must be whether counsel's assistance was reasonable considering all the circumstances."  <u>Id.</u>

If able to demonstrate deficient performance by counsel, petitioner must also show that counsel's substandard performance actually prejudiced his defense. Strickland, 466 U.S. at 687. Prejudice is shown if "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. The reviewing court must evaluate the effect of any errors in light of the totality of the evidence. Id. at 695-96. Thus, the petitioner must establish both deficient performance and resulting prejudice in order to state an ineffective assistance of counsel claim. Id. at 697. See also Jacobs, 395 F.3d at 102; Keller, 251 F.3d at 418.

Claims of ineffective assistance of appellate counsel are evaluated under the Strickland standard. See Wright v. Vaughn, 2004 WL 1687865, *6, n.10 (E.D. Pa. July 26, 2004). In order to prevail on a claim that appellate counsel was ineffective, Walsh must show that (1) counsel's performance fell below an objective standard of reasonableness, and (2) there was a reasonable probability, but for counsel's deficiency in raising the arguments on appeal, that the conviction would have been reversed on appeal. See Buehl v. Vaughn, 166 F.3d 163, 173-74 (3d Cir. 1999), cert. dismissed, 527 U.S. 1050 (1999).

Based on review of the record, this Court concludes that counsel's failure to raise the alleged Miranda violation on appeal did not fall below an objective standard of reasonableness. There was simply no merit to such a claim. "There can be no Sixth Amendment deprivation of effective counsel based on an attorney's failure to raise a meritless argument." United States v. Sanders, 165 F.3d 248, 253 (3d Cir. 1999). Thus, Walsh is unable to establish the first prong of deficient performance as required under Strickland.

Walsh also cannot establish the second prong of prejudice. This very claim was later heard by the Appellate Division in petitioner's appeal from denial of his PCR petition. The court rejected the claim as meritless. Therefore, Walsh can not show that had the appellate counsel raised this argument on direct appeal, the results would have been different.

Therefore, this Court concludes that the state courts' decisions on the Miranda issue and the ineffective assistance of appellate counsel claim were not contrary to established federal law, and were plainly based on a reasonable application of the facts in light of the testimonial evidence presented at Miranda hearing. Walsh has not demonstrated that the state court decisions, when evaluated objectively and on the merits, resulted in an outcome that cannot be reasonably justified. Matteo, 171

F.3d at 891. Accordingly, Walsh's first ground for habeas relief is denied for lack of substantive merit.

B.  Counsel Was Ineffective Before and During Plea Process

Finally, Walsh contends that his trial counsel was ineffective because he failed to prepare a defense or provide discovery so that Walsh could have made an informed decision with respect to the plea offer.[3] The record does not support this claim.

Walsh argues that he was pressured into accepting the plea bargain, and that he believed the agreed term was 30 years, not a life sentence with a thirty-year parole ineligibility period. However, at the PCR evidentiary hearing, the court noted that Walsh testified that he had been informed of a possible life sentence with a thirty-year parole disqualifier. (R16 88:8-12)[4]. Walsh also stated that, when he entered his plea, the defense counsel had explained the plea to him and he understood what he was doing and the decision he was making. In fact, Walsh testified that counsel "explained it very well." (R15 47:16-

---

[3] There is no evidence that counsel did not prepare for trial. Indeed, at the PCR evidentiary hearings, defense counsel testified that he had continually updated Walsh on the discovery that was made available to him. (R15 153:17-21; 152:7-12).

[4] "R16" is respondents' designation for the PCR evidentiary hearing transcript dated April 23, 2001.

48:20)[5]. Finally, the PCR court determined that trial counsel's advocating for a plea bargain was in Walsh's best interest, and not proof of deficient performance, despite Walsh's insistence that he was an accomplice and did not actually kill anyone. Under felony murder, an accomplice may be found guilty even if he was not the principal actor in the murder. (R16 91:8-13).

Thus, after careful review of the plea hearing, and the PCR evidentiary hearing, this Court finds nothing to indicate that the state court's adjudication of this claim resulted in a decision that (1) was contrary to clearly established federal law, (2) involved an unreasonable application of clearly established federal law, or (3) was based on an unreasonable determination of the facts. See 28 U.S.C. § 2254(d). Accordingly, this claim will be denied for lack of merit.

## V.   CERTIFICATE OF APPEALABILITY

This Court next must determine whether a certificate of appealability should issue. See Third Circuit Local Appellate Rule 22.2. The Court may issue a certificate of appealability only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons discussed above, this Court's review of the claims advanced by petitioner demonstrates that he has failed to make a

---

[5] "R15" is respondents' designation for the PCR evidentiary hearing transcript dated April 17, 2001.

14

substantial showing of the denial of a constitutional right necessary for a certificate of appealability to issue.  Thus, this Court declines to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2).

## **CONCLUSION**

For the above reasons, this Court finds that the § 2254 habeas petition should be denied on the merits and a certificate of appealability will not issue.   An appropriate Order follows.

```
                         _____s/_____
                             STANLEY R. CHESLER
                          United States District Judge
```

DATED: November 7, 2005